# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| OTIS HUGHES | ) | CV-N-05-0529-RCJ (VPC) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| KEN HARMON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | September 26, 2006 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#38). Plaintiff opposed (#44).

The court has thoroughly reviewed the record and the motions and recommends that the defendants' motion to dismiss (#38) be granted in part and denied in part.

## I.  HISTORY & PROCEDURAL BACKGROUND

Plaintiff Otis Hughes ("plaintiff"), an African-American male, is currently incarcerated at Warm Springs Correctional Center in the custody of the Nevada Department of Corrections (#3, #27).[1] Plaintiff brings his complaint pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that law enforcement officers and hotel employees violated his Fourth and Fourteenth Amendment rights by conspiring to arrest him based on his race, without probable cause and with excessive force, and by making negligent misrepresentations to plaintiff and converting his personal

---

[1] At the time he filed his complaint, the plaintiff was in custody at the Nevada State Prison (#3).

property (#3).   Plaintiff names as defendants Reno police officers Ken Harmon, Officer

Greenwood, and Officer Alexander; former Reno police chief Jim Weston; the Reno City

Council; Hunter F. Baldwin, Jr. and Diana Baldwin, owners of the Keno 1 Motel; Nina Bartley,

Keno 1 Motel manager; Doug Doe, Keno 1 Motel manager and John and Jane Does I-V.[2]  *Id.*

Plaintiff's claims relate to three separate incidents.   The first incident occurred on or about

February 14, 2002, when defendant Officer Ken Harmon allegedly unlawfully removed plaintiff

from a liquor store and used excessive force to arrest him.  *Id.*  Plaintiff alleges that defendant

Harmon then unlawfully searched his person, seizing the key to his motel room and a receipt for

$7,000.00 of the plaintiff's cash held in the Keno 1 Motel's guest safe.  *Id.*  Plaintiff further

alleges that defendant Harmon then searched plaintiff's motel room at the Keno 1 Motel, where

defendant seized (among other things) cocaine and cash in the amount of $2,297.00, and then

arrested plaintiff on felony charges that were later dropped.  *Id.*

The second incident occurred in May 2002 when the plaintiff allegedly visited the Reno

Police Department ("RPD") and was incorrectly informed that the RPD did not have possession

of his personal property.  *Id.*  Thereafter, plaintiff attempted to retrieve his $7,000.00 from the

Keno 1 Motel, but alleges that the motel would not release the $7,000.00 without the receipt.  *Id.*

The RPD released the $2,297.00 to plaintiff on June 20, 2004.  *Id.*, Ex. A.

The third incident occurred on or about April 27, 2003 when defendants Bartley (Keno

1 Motel's manager) and certain police officers allegedly conspired to cause the unlawful arrest

---

[2] The court dismissed officer Greenwood, former police chief Jim Weston, and the Reno City Council from this action (#2). Defendants Officer Alexander and Nina Bartley have been dismissed pursuant to Fed. R. Civ. P. 4(m) because plaintiff failed to file proper proof of service (#40).  On May 25, 2006, this court issued a Report & Recommendation (#41) that recommended granting defendant Ken Harmon's motion to dismiss counts I and III in their entirety (as to Harmon) and counts II and IV with respect to the 2002 incident (as to Harmon) (#12).  The Report & Recommendation (#41) was affirmed on September 11, 2006 (# 50).

of plaintiff based on his race (#3).  Plaintiff contends that on April 28, 2003, plaintiff was arrested after defendant Bartley falsely claimed that plaintiff was selling crack cocaine from a hotel room at the Keno 1 Motel.  *Id*.  Charges apparently were later dropped.  *Id*.

Plaintiff sets forth five claims for relief in his complaint, three of which arguably appear to state claims against the Baldwin defendants.  *Id*.  In Count II, plaintiff appears to allege that the Baldwin defendants, through its employees, maliciously used the criminal process by falsely reporting that he engaged in criminal activity.  *Id*.  In Count III, plaintiff alleges that defendants made negligent misrepresentations and converted his personal property for their own use.  *Id*.  In Count IV, plaintiff alleges that employees of the Baldwin defendants conspired with Reno Police to unlawfully arrest plaintiff based on his race.[3]  *Id*.

The Baldwin defendants move to dismiss plaintiff's claims against them with respect to the 2002 allegations in Counts I - IV based on failure to state a claim upon which relief may be granted and the fact that the statute of limitations have run (#38).

## II.  DISCUSSION & ANALYSIS

### A.  Discussion

#### 1.  Motion to dismiss

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party.  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the

---

[3] In Count I, plaintiff alleges only that police defendants used excessive force against him and in Count V, plaintiff sets forth claims only against the Reno City Council and former police chief Jim Weston who have been dismissed from the case.  *Id*.

1   complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

2       Under § 1983, plaintiff must allege that (1) defendants subjected him to the deprivation

3   of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the

4   defendant acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*

5   *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations,

6   unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights

7   Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984), *quoting*

8   *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

9

10      However, allegations in a *pro se* prisoner's complaint, "however inartfully pleaded," are

11  held to a less stringent standard than formal pleadings drafted by lawyers and must be construed

12  liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

13

14          **2. Statute of limitations**

15      "A motion to dismiss based on the running of the statute of limitations period may be

16  granted only if the assertions of the complaint, read with the required liberality, would not permit

17  the plaintiff prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d

18  1204,1206 (9th Cir. 1995) (citation omitted). "In fact, a complaint cannot be dismissed unless

19  it appears beyond doubt that the plaintiff can prove no set of facts that would establish the

20  timeliness of the claim." *Id*. at 1207 (citation omitted).

21

22      Section 1983 does not contain a statute of limitations; therefore, federal courts apply the

23  forum state's statute of limitations for personal injury claims. *Johnson v. State of California*, 207

24  F.3d 650, 653 (9th Cir. 2000) *citing Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Nevada, the

25  statute of limitations for § 1983 actions is two years. N.R.S. 11.190(4)(e); *Perez v. Seevers*, 869

26  F.2d 425, 426 (9th Cir. 1989), *cert. denied*, 493 U.S. 860 (1989).

27

28

**B.  Analysis**

The Baldwin defendants argue that Counts I and II fail to state a claim against them, but even if they do, the two-year statute of limitations bars Counts I – IV with respect to the 2002 allegations (#38).

Plaintiff makes several arguments in opposition (#44).  First, plaintiff asserts that as to all counts, the Baldwin defendants failed to plead the affirmative defense of statute of limitations, therefore they have waived the defense (#44).  This argument fails.  In their answer, the Baldwin defendants listed as an affirmative defense that "plaintiff's claims are time barred" (#8).  This is sufficient to invoke the statute of limitations defense, and the Baldwin defendants have not waived the defense.

Next, plaintiff argues that his complaint should be considered "filed" as of November 15, 2004, the date the plaintiff allegedly signed his complaint and deposited it in the prison mail system (#44).  However, as shown below, whether the complaint was filed on November 15, 2004 or April 28, 2005, when the complaint was file-stamped by the clerk of courts, is irrelevant to the determination of the claims currently before the court.[4]

_____

[4] Under the "prison mailbox rule," a complaint by a *pro se* prisoner is deemed "filed" when handed by the prisoner to a prison official for mailing.  *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (finding that *pro se* prisoners are in a unique situation in that they have no control over their legal papers after they are delivered to prison officials); *see also Day v. Gavin*, 2006 WL 2460635, *1 (D. Ariz. 2006) (holding a *pro se* prisoner complaint filed pursuant to 42 U.S.C. § 1983 was filed as of the date it was handed to a prison official for mailing), *citing Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003).  The plaintiff's complaint was stamped "received" by the court clerk's office on April 28, 2005, however, plaintiff asserts that his complaint was "filed" as of November 15, 2004, the day he allegedly signed it and handed it to prison officials (#44).  Plaintiff fails to explain the 5 ½ month time lag between the alleged mailing and the receipt by the clerk's office.  Although plaintiff has the burden of alleging facts showing the duration of the statutory period, plaintiff provides no evidence, such as a copy of the prison mail log, to show when his complaint was given to the prison.  *Valenzuela v. Kernan*, 2005 WL 1489862, *1, n.1 (E.D. Cal. 2005).  Since the only date this court has is the date the complaint was file-stamped by the court clerk's office, the court will consider the complaint filed as of April 28, 2005.  *Id*.  However, as noted, under the facts and claims of this particular case, the date the complaint was filed makes no difference in determining whether the statute of limitations has run.

### 1. Count I

As the Baldwin defendants correctly argue, Count I for Use of Excessive Force only contains allegations against Reno police officers and no allegations that involve the Baldwin defendants (#3). Therefore, defendants' motion to dismiss is granted as to Count I in its entirety as to the Baldwin defendants for failure to state a claim upon which relief may be granted.

### 2. Count II

The Baldwin defendants argue that the plaintiff's second cause of action for malicious prosecution does not set forth any allegations against them, and that even if it does, the claim should be dismissed as to the 2002 incident based on the running of the statute of limitations (#38). Plaintiff appears to argue in his opposition that Count II involves only the April 2003 incident, as set out in paragraphs 35 – 42 of his complaint (#44).

To succeed in a § 1983 action for malicious prosecution, the plaintiff must establish that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Malicious prosecution actions are not limited to suits against prosecutors but may be brought against other persons who have wrongfully caused the charges to be filed. *Id.*, *citing Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002). Further, "'one who procures a third person to institute a malicious prosecution is liable, just as if he instituted it himself.'" *Awabdy*, 368 F.3d at 1068 (internal citations omitted).

Plaintiff alleges that based on his race, an employee of the Baldwin defendants, Nina Bartley, made a false report in 2003 to Reno Police that the plaintiff was dealing crack cocaine from his motel room (#3). Plaintiff alleges that the false report caused him to be arrested and

interrogated by the RPD. *Id*. These allegations are sufficient to state a claim against the Baldwin

defendants for malicious prosecution regarding the 2003 incident (#3).

Nevada's two-year personal injury statute of limitations applies because this claim is

brought pursuant to § 1983. *Johnson,* 207 F.3d at 653; *Perez*, 869 F.2d at 426; N.R.S.

11.190(4)(e). Therefore, the statute of limitations for the February 14, 2002 incident expired on

February 14, 2004, and the statute of limitations for the April 28, 2003 incident expired on April

28, 2005. As established above, plaintiff's complaint was filed on April 28, 2005.[5]

Insofar as Count II pertains to the 2002 incident, the Baldwin defendants' motion to

dismiss is granted based on the statute of limitations.

**3. Count III**

In Count III, plaintiff alleges that the Baldwin defendants negligently gave the plaintiff

false information regarding his personal property and converted his personal property to their own

use (#3). The Baldwin defendants contend that a two-year statute of limitations applies because

this is a § 1983 claim (#38). Plaintiff counters by arguing that the statute of limitations is three

years because Count III is essentially a state law claim for fraud (#44).[6]

The plaintiff purports to bring Count III pursuant to § 1983, although plaintiff pled

supplemental jurisdiction in his complaint. *See* #3, ¶1, *citing* 28 U.S.C. § 1367. Negligent

misrepresentation and conversion are state law claims. Allegations in a *pro se* prisoner's

complaint, are held to a less stringent standard than formal pleadings drafted by lawyers. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Therefore, this court construes these two causes

---

[5] It is irrelevant for the February 2002 arrest whether the plaintiff's complaint was filed on November 15, 2004 (as plaintiff argues) or on April 28, 2005 (when the clerk file-stamped it) because the 2002 claim expired on February 14, 2004.

[6] The court notes that the plaintiff did not plead fraud – he pled negligent misrepresentation and conversion (#3).

of action as state law claims brought pursuant to the supplemental jurisdiction statute rather than federal civil rights claims.

It is unclear which defendants the plaintiff alleges made negligent misrepresentations and/or converted his personal property.  In Count III, plaintiff appears to refer only to the police defendants and to discuss only the May 2002 incident when defendant visited the RPD to request the return of his property (#3, ¶¶ 52-55).  However, in the facts section of his complaint, plaintiff alleges that *all* defendants unlawfully converted and/or disposed of his personal property, including the $7,000.00 allegedly in the possession of the Baldwin defendants.  *Id*., ¶¶ 31-35.  Further, in plaintiff's opposition, he states that "defendants are correct that this claim is based on the allegation that plaintiff was given false information in regards to his $2297.00 returned on June 17, 2004 and $7000.00 never returned during the inquiry of May 2002."  *See* #44.

### a. Negligent Misrepresentation

Even construing the factual allegations liberally, it appears that the only negligent misrepresentation that plaintiff alleges is the statement by a police officer in May 2002 when plaintiff was informed that the city did not possesses his personal property (#3).  Because this alleged  negligent misrepresentation does not involve the Baldwin defendants, the plaintiff has failed to sufficiently allege that the Baldwin defendants or their employees made any negligent misrepresentations.

### b. Conversion

"Conversion is a 'distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights."  *See Edwards v. Emperor's Garden Restaurant*, 130 P.3d 1280, 1287 (Nev. 2006) *citing Wantz v. Redfield*, 326 P.2d 413 (Nev. 1958).  "Further, conversion

is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043 (Nev. 2000) *citing Bader v. Cerri*, 609 P.2d 314, 317 n. 1 (Nev. 1980). A conversion will be found where a party makes an unjustified claim of title to personal property or asserts an unfounded lien to said property which causes actual interference with the owner's rights of possession. *Scaffidi v. United Nissan*, 425 F.Supp.2d 1159, 1168 (D. Nev. 2005) *citing Bader*, 609 P.2d at 317 n. 1. Generally, whether conversion occurred is a factual question for a jury. *Evans*, 5 P.3d at 1043.

According to the plaintiff's allegations, plaintiff went to the Keno 1 Motel sometime in May 2002 to request his $7,000.00 that was allegedly stored in the motel's guest safe (#3). Plaintiff contends that the Keno 1 manager (Bartley) denied his request for his funds based on the fact that he did not have his receipt. *Id*. Because plaintiff has alleged that the defendants actually interfered with his right of possession to his personal property, these allegations are sufficient to state a claim against the Baldwin defendants for conversion.

Since this is a state law claim and not a § 1983 claim, Nevada's two-year personal injury statute of limitations does not apply. The statute of limitations for conversion in Nevada is three years, and runs from the time of taking. *Hartford Acc. and Indem. Co. V. Rogers*, 613 P.2d 1025, 1026 (Nev. 1980) *citing* N.R.S. 11.190(3)(c) (the statute applies to "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof..."). The earliest that a conversion could have occurred in regard to the plaintiff's $7,000.00 was sometime in May 2002, when the plaintiff attempted to retrieve his cash from Keno 1 Motel and was denied (#3). Thus, under the three year statute of limitations, plaintiff had until sometime in May 2005 to file his complaint. Plaintiff filed on April 28, 2005.

"A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can

prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v United States*, 68 F.3d 1204,1207 (9th Cir. 1995).  As to Count III, the Baldwin defendants' motion to dismiss is granted as to the negligent misrepresentation claim for failure to state a claim, but denied as to the conversion claim.

### 4. Count IV

Plaintiff alleges in Count IV that defendants conspired to falsely and unlawfully arrest him based on his race (#3).  The Baldwin defendants argue that because the plaintiff brings Count IV pursuant to §§ 1983 and 1985, the applicable limitations period is Nevada's two-year personal injury statute of limitations (#38).  Plaintiff asserts in his opposition, without explanation, that N.R.S. 11.190(3)(d), a three-year statute of limitations for fraud, applies (#44).  The court disagrees.  Plaintiff brought Count IV pursuant to §§ 1983 and 1985 and alleges he was arrested "because of his race."  *See* #3, ¶ 58.  Therefore, this is a federal civil rights claim and the applicable statute of limitations is two years.  The same reasoning that applied for Count II applies here.  The Baldwin defendants' motion to dismiss Count IV be granted as to the 2002 incident.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that the Baldwin defendants' motion to dismiss (#38) be GRANTED as to Count I in its entirety for failure to state a claim upon which relief may be granted, GRANTED as to Count II and Count IV for the 2002 incident based on the running of the statute of limitations, GRANTED as to the Count III negligent misrepresentation claim for failure to state a claim upon which relief may be granted, and be DENIED as to the Count III conversion claim.

The parties are advised:

1.      Pursuant to 28 U.S.C.  § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Baldwin defendants' motion to dismiss (#38) be GRANTED as to Count I in its entirety for failure to state a claim upon which relief may be granted, GRANTED as to Count II and Count IV for the 2002 incident based on the running of the statute of limitations, GRANTED as to the Count III negligent misrepresentation claim for failure to state a claim upon which relief may be granted, and DENIED as to the Count III conversion claim.

.

**DATED:** September 25, 2006.

*Valerie P. Cooke*

_____

**UNITED STATES MAGISTRATE JUDGE**